FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 JUN 16 AM 9:19
R. [signature]
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TERRY N. TAYLOR,

      Petitioner,

v.

ANTHONY HAYNES, Warden, and
UNITED STATES OF AMERICA,

      Respondents.

CIVIL ACTION NO.: CV210-184

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Terry Taylor ("Taylor"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Taylor has filed a Traverse. For the reasons which follow, Taylor's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Taylor was convicted, after a jury trial, in the Northern District of Illinois of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); being in possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d); and being an armed career criminal, in violation of 18 U.S.C. § 924(e)(1). Taylor was sentenced to a total of 300 months' imprisonment, 5 years' supervised release, a $250

fine, and a $200 special assessment. Taylor filed a direct appeal, alleging that he did not qualify as an armed career criminal. The Seventh Circuit Court of Appeals affirmed Taylor's convictions and sentence. United States v. Taylor, 179 F. App'x 957 (7th Cir. 2006).

Taylor filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Northern District of Illinois. In that motion, Taylor alleged that he was not an armed career criminal and that he received ineffective assistance of counsel. The Northern District of Illinois court denied Taylor's motion.

Taylor filed a petition for writ of habeas corpus pursuant to § 2241 in this District and contended that he is "factually innocent" of being an armed career criminal, as defined by § 924(e)(1), because he had not been previously convicted of three (3) violent felonies. The undersigned recommended that Taylor's petition be dismissed, as he did not satisfy the savings clause of § 2255(e). The Honorable Lisa Godbey Wood adopted the undersigned's recommendation as the opinion of the Court and dismissed Taylor's petition. (CV209-41, Doc. Nos. 12, 14, 15). The Eleventh Circuit Court of Appeals determined that Taylor's appeal was frivolous and dismissed his appeal for want of prosecution. (CV209-41, Doc. Nos. 27, 28).

In this petition, Taylor once again asserts that he is not an armed career criminal. Taylor also asserts that his theft conviction in Illinois is not a violent felony, and, thus, he does not have three (3) predicate convictions to have received a sentence enhancement based on the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Taylor contends that he satisfies section 2255's savings clause, which allows him to proceed under § 2241.

2

Respondent avers that Taylor does not satisfy the savings clause, and, accordingly, his petition should be dismissed.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Taylor has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He ostensibly asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his conviction and sentence.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

The Government concedes that Johnson v. United States, ___ U.S. ___, 130 S. Ct. 1265 (2010), is retroactively applicable to cases on collateral attack. (Doc. No. 12, pp. 1, 4). However, the Johnson decision does not apply to Taylor. The Supreme Court determined in Johnson that, under Florida law, a battery conviction was not a

4

"violent felony" under section 924(e)(2)(B)(i).[1] ___ U.S. at ___, 130 S. Ct. at 1274. During his sentencing hearing, the Honorable Philip G. Reinhard informed Taylor and his trial counsel that Taylor's theft conviction under Illinois law is a crime of violence under section 924(e)(2)(B)(ii), (Doc. No. 12-2, pp. 10-11), or the so-called "residual clause". The Eleventh Circuit has determined that "[t]he holding in Johnson did not implicate the so-called 'residual clause' in 18 U.S.C. § 924(e)(2)(B)(ii)." United States v. Oner, 382 F. App'x 893, 896 n.4 (11th Cir. 2010). Accordingly, Johnson does not provide Taylor with a retroactively applicable Supreme Court decision which applies to his predicate theft conviction under Illinois law.

Taylor fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Taylor made this same argument with the Seventh Circuit Court of Appeals on direct appeal and the trial court in his previously-filed § 2255 motion. Simply because these courts denied Taylor's claim does not render section 2255's remedy inadequate or ineffective. See Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (stating that restrictions on the filing of successive section 2255

---

[1] "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)." 18 U.S.C. § 924(e)(1). "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]" 18 U.S.C. § 924(e)(2)(B) (emphasis supplied).

AO 72A
(Rev. 8/82)

motions do not render the remedies afforded by that statue inadequate or ineffective). The Eleventh Circuit recently determined that the restrictions applicable to the filing of a second or successive § 2255 motion do not render that statute's remedy inadequate or ineffective to allow a petitioner to attack his sentence enhancement under the ACCA pursuant to section 2241. Gilbert v. United States, No. 09-12513, ___ F.3d ___, 2011 WL 1885674, at *19 (11th Cir. May 19, 2011) (citing In re Davenport, 147 F.3d 605, 607 (7th Cir. 1998), with approval, for the proposition that a petitioner cannot be allowed to file a second or successive motion under § 2241 to challenge his sentence based on a claim he was innocent of being an armed career criminal and that allowing this practice would "make an arbitrary hole" in the Anti-terrorism and Effective Death Penalty Act of 1996). In sum, Taylor has not satisfied the requirements of § 2255's savings clause, and thus, cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

Taylor cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Taylor is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Taylor's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of June, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE